**WO**                                                                                                           JDN

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dante Perez, | No. CV 05-2029-PHX-MHM (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

In this civil rights action brought by a former county jail inmate, Defendant has moved to dismiss (Dkt. #6) for lack of exhaustion. Plaintiff has failed to respond. After careful review of these pleadings and the record, the Court will grant Defendant's motion.

**A.    Background**

Plaintiff filed a complaint against Defendants Sheriff Joseph Arpaio, Captain Peterson, and Janet Polatino alleging that his constitutional rights were violated due to (1) inadequate and spoiled food, (2) denial of medical care, and (3) unsanitary conditions (Dkt. #1). This Court dismissed without prejudice Defendants Peterson and Polatino due to Plaintiff's failure to allege any participation on their part in the alleged constitutional violations (Dkt. #3). Defendant Arpaio was ordered to answer Plaintiff's claims (Dkt. #3). Arpaio was then served with the Complaint, and subsequently filed a Motion to Dismiss (Dkts. ##5, 6). Plaintiff was provided notice and informed of his need to file a response (Dkt. #8). The time for filing a response has expired, and the motion is ready for ruling.

In his Motion to Dismiss, Defendant argues that Plaintiff has failed to exhaust his administrative remedies because Plaintiff did not avail himself of the Maricopa County Sheriff's Office inmate grievance procedure (Dkt. # 6). Defendant has attached to his motion an affidavit of Zelean Tademy, a Maricopa County Sheriff's Office Hearing Officer for inmate discipline and grievances, and a copy of the Inmate Grievance policies (Dkts. ##6, 7).

**B.     Failure to Respond**

Local Rule of Civil Procedure 7.2(i) provides that if a party files a motion to dismiss, and this Court orders a response, and "the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (providing that the district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where pro se plaintiff had time to respond to the motion but failed to do so). Moreover, "[p]ursuant to Federal Rule of Civil Procedure 41(b), [this Court] may dismiss an action for failure to comply with any order of the [C]ourt." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

After Defendant filed the Motion to Dismiss, Plaintiff was provided notice of the motion, advised of his obligation to respond to the motion, and informed that the failure to respond may "be deemed a consent to the granting of that Motion" (Dkt. #8). Despite these warnings, Plaintiff has failed to respond to the Defendant's Motion to Dismiss. Accordingly, Plaintiff's failure to respond to the Motion to Dismiss will be construed as a consent to the granting of it. However, out of an abundance of caution, the merits of Defendant's Motion to Dismiss will be addressed.

**C.     Legal Standard on Motion to Dismiss**

In ruling on a motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. Dismissal of the complaint is appropriate only if it appears beyond doubt that the plaintiff can prove no set

of facts in support of the claim which would entitle him to relief." McGary v. City of Portland, 386 F.3d 1259, 1261 (9th Cir. 2004); see also Rhodes v. Robinson, 408 F.3d 559, 563 n.1 (9th Cir. 2005).

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all available administrative remedies are exhausted. See Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir. 2006). Exhaustion is mandated "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). It is required in all inmate suits regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002).

"The defendants have the burden of raising and proving a prisoner's failure to exhaust under the PLRA." Ngo v. Woodford, 403 F.3d 620, 626 (9th Cir.), cert. granted, 126 S. Ct. 647 (2005). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003). "A prisoner's concession to nonexhaustion is a valid ground for dismissal so long as no exception to exhaustion applies." Id. at 1120. The proper remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal of the claim without prejudice." Id.; see also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005).

**D.   Analysis**

An inmate should seek to resolve a conflict through the Maricopa County Jail System's Inmate Grievance Procedures. Specifically, an inmate who wishes to file a grievance will be provided a Grievance Form upon request, and must submit the form to a detention officer. The unresolved grievance is forwarded to the shift Supervisor, and then to the Hearing Officer. If the Hearing Officer is unable to resolve the grievance, the inmate may appeal his decision to the jail commander, whose decision may be appealed to an External Referee. The External Referee's decision is final.

If the grievance is based on medical treatment or care, the Hearing Officer will promptly forward the complaint to the charge nurse, who will respond to the inmate. The

1 inmate may appeal the charge nurse's decision by filing an External Grievance Appeal,
2 which is forwarded to the Contracted Health Services Legal Liaison. The Legal Liaison's
3 decision is final as to medical issues.

4     Defendant has demonstrated that there exists a grievance system which was made
5 available to the Plaintiff. However, Plaintiff, failing to respond to the motion to dismiss, has
6 presented nothing to support a conclusion that he availed himself of that system. Further,
7 Plaintiff conceded in his Complaint that he failed to file the requisite grievances within the
8 jail system. Accordingly, based on the evidence before this Court, Plaintiff failed to exhaust
9 his administrative remedies, and Defendant's Motion to Dismiss will be granted.

10     **IT IS ORDERED** that Defendant's Motion to Dismiss (Dkt. #6) is **granted**.
11 Plaintiff's action is dismissed without prejudice for lack of exhaustion. The Clerk of Court
12 shall enter a judgment of dismissal accordingly.

13     DATED this 12th day of June, 2006.

*(signature)*
Mary H. Murguia
United States District Judge